1
2
3
4                    UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6
7    DAVID CHARLES MOON,                    Case No.  16-cv-00679-JCS (PR)
                        Petitioner,
8
                v.                          ORDER TO SHOW CAUSE;
9
     DAVID LONG,                            INSTRUCTIONS TO CLERK
10
                        Respondent.
11
12
13                          INTRODUCTION
14        Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state
15   convictions.[1]  The petition for such relief is here for review under 28 U.S.C. § 2243 and
16   Rule 4 of the Rules Governing Section 2254 Cases.
17        Respondent shall file a response to the petition on or before June 30, 2016.
18        The petition appears to be untimely.  Petitioner was sentenced in 2008 but the
19   instant petition was not filed until 2016.  Respondent is directed to consider first whether a
20   motion to dismiss on grounds of untimeliness is the most appropriate first response to the
21   petition. If he so concludes, he may file a motion to dismiss, though he is not required to
22   do so.
23                          BACKGROUND
24        According to the petition, in 2008, in the Marin County Superior Court, petitioner
25   pleaded guilty to charges of kidnapping, robbery, assault with a deadly weapon, assault

26   _____
27   [1] Petitioner consented to magistrate judge jurisdiction.  (Docket No. 4.)  The magistrate
     judge, then, has jurisdiction to issue this order, even though respondents have not been
28   served or consented to magistrate judge jurisdiction.  *See Neals v. Norwood*, 59 F.3d 530,
     532 (5th Cir. 1995).

United States District Court
Northern District of California

with a deadly weapon on a peace officer, impersonating a public officer, making threats, and various enhancements.  He was sentenced to 14 years and 8 months in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) his sentence is invalid under the Fifth, Eighth and Fourteenth Amendments; and (2) defense counsel rendered ineffective assistance.  When liberally construed, these claims are cognizable in a federal habeas corpus action.

## CONCLUSION

1.  The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4.  In lieu of an answer, respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  The Court notes that the filing fee has been paid.

**IT IS SO ORDERED.**

Dated:  March 23, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES MOON,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID LONG,<br><br>        Defendant. | Case No.  16-cv-00679-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on March 23, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Charles Moon ID: G13873
California City Correctional Facility (CAC)
P.O. Box 2760
California City, CA 93504

Dated: March 23, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

United States District Court
Northern District of California